Stephen J. Joncus
Oregon Bar No. 013072
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Marc Thielman**; **Ben Edtl**; **Janice Dysinger**; **Don Powers**; **Sandra Nelson**; **Chuck Wiese**; **Loretta Johnson**; **Terry Noonkester**; **Steve Corderio**; **Jeanine Wenning**; **Diane Rich**; **Pam Lewis**; **Senator Dennis Linthicum**; individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Shemia Fagan,** in her official capacity as **Oregon Secretary of State**; **Clackamas County**; **Washington County**; **Multnomah County**; **Lane County**; **Linn County**; **Marion County**; **Jackson County**; **Deschutes County**; **Yamhill County**; **Douglas County**; **Klamath County**; **Coos County**,<br><br>Defendants. | Case No.: 3:22-cv-1516-SB<br><br>**EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY**<br><br>EXPEDITED HEARING REQUESTED<br><br>ORAL ARGUMENT REQUESTED |

Plaintiffs move for an order permitting narrow discovery to preserve evidence prior to the Rule 26(f) conference pursuant to Rule 26(d)(1). Plaintiffs seek to take up to three forensic images of the tabulating computer servers at each of the County Defendants during the period of election tabulation. The Court may order early discovery under Rule 26(d)(1).

The Federal Rules of Civil Procedure generally provide that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). Courts in the Ninth Circuit apply a good cause standard to determine whether to permit early discovery.[1] "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[2]

Plaintiffs' lawsuit challenges the constitutionality of mail-in voting and computerized tabulation of elections in Oregon because of widespread evidence of fraud, suppression of the vote, and disenfranchisement. Direct evidence of systematic fraud in voting machines has been found in Mesa, Colorado by analysis of forensic images of the vote tabulation server in that County.[3] The forensic images of the 2020

---

[1] *Weiss v. Perez*, No. 22-cv-641, 2022 U.S. Dist. LEXIS 35811, at *2 (N.D. Cal. Mar. 1, 2022); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002).

[2] *Semitool*, 208 F.R.D. at 276.

[3] Declaration of Stephen Joncus, Exhibit A: Jeffrey O'Donnell, Walter C. Daugherity, REPORT #3, ELECTION DATABASE AND DATA PROCESS ANALYSIS (March 19, 2022).

General Election and the 2021 Grand Junction Municipal Election revealed unauthorized creation of multiple databases and ballot record manipulation in each of the two elections.[4] The nature of the manipulation was such that it could not have been done by the elections staff.[5] The only explanation is outside unauthorized intervention by a network breach or pre-installed nefarious software.[6]

This is a stunning finding. It shows sophisticated tools are in the hands of criminal actors, intent on manipulating an election. There is no reason to believe that this is limited to Mesa County, Colorado. Indeed, this has the earmark of a point shaving scheme activated across many, if not all, counties in various states.

Critically, the evidence of this nefarious manipulation was completely erased by a "trusted build" installation after the election that was ordered by the Colorado Secretary of State.[7] If not for the forensic copy of the server, there would now be no way to discovery this nefarious intervention. Now that we know such nefarious software is in place, anything is possible through the design of such software. For example, such nefarious software can be designed to automatically destroy itself and any evidence of criminal intervention after the election.

---

[4] Ex. A at 3.
[5] *Id*. at p. 4.
[6] *Id*. at p. 29.
[7] *Id*. at p. 4.

There is significant evidence that Oregon's elections are also being manipulated causing massive disenfranchisement of Oregon voters.[8]

For these reasons Plaintiffs seek forensic images of the election systems being used in each Defendant County during the upcoming November 2022 election.

**Consideration of Factors**

Factors considered by courts in considering whether to order early discovery include the breadth of the discovery requests, the purpose for requesting the expedited discovery, the burden on the defendants to comply with the requests, whether a preliminary injunction is pending, and how far in advance of the typical discovery process the request was made.[9]

<u>Breadth of the Request</u>. The request is narrow. It is strictly designed to obtain only the information necessary to ascertain whether the kind of manipulation the election that occurred in Mesa County, Colorado is occurring in Oregon counties. Without the forensic images of the machines in Mesa County, there would have been no way to obtain direct evidence of the fraud. It is the only way to discover direct evidence of this kind of fraud in Oregon. Plaintiffs are asking for up to three forensic images in each county. In Oregon, the counting occurs over a period of weeks. Multiple

---

[8] *See*, *e.g.*, Complaint ¶¶ 44-54.
[9] *Weiss*, 2022 U.S. Dist. LEXIS 35811, at *2.

spot checks are necessary to forestall whatever evasive action the nefarious actors might take to avoid detection.

   Purpose of the Request. The fraud uncovered in Mesa, Colorado is stunning in its implications. This did not happen by chance. It means that a very organized criminal syndicate is intent on manipulating the results in our elections. If the people no longer have control in choosing their leaders, if this control has been stolen by a criminal element, what does that mean for our country and for our freedom? What does this portend for the grand experiment that is the United States of America?

   Computers are very complicated black boxes. One cannot ascertain what is going on inside a computer without expert analysis of forensic images. The request is necessary to learn whether our election system has been corrupted in this way. The purpose of this request—and of this lawsuit—is to protect the precious freedom of the citizens of this great country created by so many patriots who gave their lives so that we may live free.

   Burden on Defendants. The burden on the Defendant Counties will not be great. Defendant counties do not count ballots around the clock. Forensic images can be made by Plaintiffs' teams of experts overnight on a few days during the counting period. Plaintiffs will agree that the content of the images will be kept confidential and not made public until a further order of the Court. The burden on the Defendant

Counties does not compare with the gravity of this issue that the public faces in determining whether it can trust its elections.

<u>Whether a Preliminary Injunction is Pending</u>. No preliminary injunction is pending.

<u>How Far in Advance the Request is Made</u>. Plaintiffs suspect that the Defendant Counties are not culpable in the suspected fraud. Mesa County officials had no idea what was happening in their election machines until the analysis of the forensic images. Plaintiffs recognize that this request is being made before the answer date for Defendants and well in advance of the typical time for discovery. But if there is this kind of fraud going on, someone is culpable and in control. Whoever is in control, may be able to adjust to avoid detection if given enough advance warning. The short period of time before the election in which this request is made is a feature, not a negative factor in this analysis.

Plaintiffs respectfully request that the Court grant their motion to obtain up to three forensic images from each of the Defendant Counties during the November 2022 election.

Respectfully submitted,

Dated: October 14, 2022 By: s/ *Stephen J. Joncus*

**Stephen J. Joncus**, OSB No. 013072
Email: steve@joncus.net

JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY** will be served along with the Complaint and other case initiating documents through personal service on Defendants.

October 14, 2022

            s/ Stephen Joncus
            Stephen Joncus