IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARC THIELMAN; BEN EDTL; JANICE DYSINGER; DON POWERS; SANDRA NELSON; CHUCK WIESE; LORETTA JOHNSON; TERRY NOONKESTER, DIANE RICH; PAM LEWIS; and SENATOR DENNIS LINTHICUM; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHEMIA FAGAN *et al.*,<br><br>Defendants. | Case No. 3:22-cv-01516-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiffs Marc Thielman, Ben Edtl, Janice Dysinger, Don Powers, Sandra Nelson, Chuck Wiese, Loretta Johnson, Terry Noonkester, Diane Rich, Pam Lewis, and Senator Dennis Linthicum (together, "Plaintiffs"), filed a complaint on behalf of themselves and all others similarly situated against Shemia Fagan ("Fagan"), in her official capacity as Oregon Secretary of State, and several Oregon counties ("Defendant Counties," and together with Fagan, "Defendants"), challenging the constitutionality of computerized vote tabulation and vote-by-

PAGE 1 – OPINION AND ORDER

mail systems used in Oregon. (ECF No. 1.) Plaintiffs allege the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. Before the Court is Plaintiffs' emergency motion for expedited discovery.[1] (ECF No. 5.) For the reasons discussed below, the Court denies Plaintiffs' motion.

## BACKGROUND

Plaintiffs move the Court to allow discovery to preserve evidence under Federal Rule of Civil Procedure 26(d)(1). (Pls.' Emergency Mot. Expedited Disc. ("Pls.' Mot.") at 2, ECF No. 5.) Specifically, Plaintiffs "seek forensic images of the election systems being used in each Defendant County during the upcoming November 2022 election." (*Id*. at 4.)

In support of their motion, Plaintiffs submitted a declaration attaching "a report written by Jeffrey O'Donnell and Walter C. Daugherity, titled, Report #3, election Database and Data Process Analysis, dated March 19, 2022" (the "Report"). (Decl. Stephen Joncus Supp. Pls.' Mot. ("Joncus Decl.") ¶ 2, Ex. A, ECF No. 6.) The Report includes information on the voting system used in Mesa County, Colorado, and purports to show "evidence of unauthorized and illegal manipulation of tabulated vote data during the 2020 General Election and 2021 Grand Junction Municipal election." (Joncus Decl., Ex. A at 1-2.) Plaintiffs seek early, expedited discovery to investigate whether any illegal manipulation of voting data is occurring by organized criminal syndicates operating in Oregon. (Pls.' Mot. at 4-6.)

///

---

[1] At the time of filing, Plaintiffs had not yet served Defendants with the summons or with the present motion. (*See, e.g*., ECF No. 5 at 8, certifying that the motion "will be served[.]") On October 17, 2022, the Court took Plaintiffs' *ex parte* motion under advisement. (ECF No 17.) Thereafter, all Defendants appeared to oppose Plaintiffs' emergency motion. (*See* ECF Nos. 27, 36, and 48.)

PAGE 2 – OPINION AND ORDER

## LEGAL STANDARDS

"Generally, a party may not conduct discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f)[.]" *Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 302 (E.D. Cal. 2016). However, "[Rule] 26(d) allows the district court to order discovery early[.]" *Fitzhenry v. Portland Police Bureau*, No. 3:22-cv-00222-HZ, 2022 WL 3903555, at *4 (D. Or. Aug. 25, 2022). District courts in the Ninth Circuit have allowed expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." *Id.* (collecting cases).

"Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*; *see also Trulite Glass & Aluminum Sols., LLC v. Smith*, No. 21601798CVJAMCKD, 2016 WL 8738432, at *1 (E.D. Cal. Aug. 10, 2016) (same); *Alkasabi v. Wash. Mut. Bank, FA*, No. 12CV2569-WQH (MDD), 2012 WL 12874515, at *1 (S.D. Cal. Dec. 12, 2012) (same).

"In determining whether good cause justifies expedited discovery, courts commonly consider the following non-exhaustive factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670-JLS-MDD, 2020 WL 13553333, at *2 (S.D. Cal. Jan. 16, 2020) (citation omitted).

## DISCUSSION

Plaintiffs argue that good cause exists to allow early, expedited discovery in this matter for several reasons, including that (1) their request for discovery is narrow; (2) the purpose of the discovery is to investigate and prevent voting manipulation in Oregon; (3) the burden on Defendants "will not be great[;]" and (4) the timing of the request during an ongoing election is

PAGE 3 – OPINION AND ORDER

"not a negative factor in the analysis." (Pls.' Mot. at 4-6.) For the following reasons, the Court finds that Plaintiffs have not demonstrated good cause to allow the requested discovery.

First, as Plaintiffs acknowledge, "[n]o preliminary injunction is pending." (*Id*. at 6.) As such, Plaintiffs are requesting merits discovery, not narrowly-tailored discovery to address a matter currently pending before the court. *See In re Packaged Seafood Prod. Antitrust Litig.*, 2020 WL 13553333, at *2 (finding that early discovery was not appropriate where, *inter alia*, the plaintiffs' request was "not narrowly tailored to address a particular issue pressing at the time—like a preliminary injunction—but instead they constitute full-blown merits discovery") (quotation omitted); *see also Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12-2082JLR, 2013 WL 566949, at *12 (W.D. Wash. Feb. 13, 2013) ("[The plaintiff] has not filed any motion for preliminary relief—either a motion for a temporary restraining order or a motion for preliminary injunction [and t]hus, there is no pending hearing for which to prepare making expedited discovery necessary[, and f]urther, [the plaintiff's] purpose—to discover the extent of the alleged harm—is not a legitimate basis for expedited discovery because it merely attempts to substitute expedited discovery for normal discovery.")

Second, Plaintiffs' request for early, expedited discovery is not narrowly tailored. Plaintiffs ask the Court to allow a team of their experts overnight access to the Defendant Counties' computers to obtain forensic images in each county and to conduct "multiple spot checks" throughout the election, based on speculation that "a very organized criminal syndicate is intent on manipulating the results in our elections." (Pls.' Mot. at 4.) Plaintiffs' request is not narrowly tailored, and the Court agrees with Defendants that the far-reaching request is not proportional to the needs of this case. (*See, e.g.*, Sec. of State's Resp. Mot Expedited Disc. ("Sec. of State Resp.") at 2-7, ECF No. 27.)

PAGE 4 – OPINION AND ORDER

Third, Plaintiffs allege that a report detailing alleged voting irregularities in Mesa County, Colorado, "means that a very organized criminal syndicate is intent on manipulating the results in our elections," and therefore "the purpose of th[eir] request . . . is to protect the precious freedom of citizens of this great country created by so many patriots who gave their lives so that we may live free." (Pl.'s Mot. at 5.) However, Plaintiffs have submitted no credible evidence that the alleged voting irregularities in one Colorado county are also present in Oregon. Even if Plaintiffs had, Defendants have explained that forensic imaging is not necessary to investigate Plaintiffs' allegations of voting irregularities here. (*See* Sec. of State Resp. at 5-6.) If this case proceeds, Plaintiffs could review post-election audit results or compare paper ballots to electronic tally counts during the ordinary course of discovery. (*See id.*; Cnty. Defs.' Opp'n to Exp. Disc. Mot. ("Cnty. Defs.' Opp'n") at 5, ECF No. 36; Marion Cnty.'s Resp. to Pl.'s Emergency Mot. ("Marion Cnty. Resp.") at 9-10, ECF No. 48.)

Fourth, Plaintiffs' early, expedited discovery requests are unduly burdensome on Defendants, particularly where Plaintiffs acknowledge that they are seeking early discovery to find evidence of wrongdoing by an unidentified third-party criminal syndicate, and Plaintiffs acknowledge that "the Defendant Counties are not culpable in the suspected fraud." (*Id*. at 6.) Further, Defendants have submitted evidence that allowing the requested discovery will create security risks and disrupt the administration of the current election. (*See* Sec. of State Resp. at 3-4; Cnty. Defs.' Opp'n at 4-8; Marion Cnty. Resp. at 4-7.)

Fifth, Plaintiffs are requesting early and expedited discovery outside the standard discovery timetable, and Defendants should first be afforded the benefit of filing Rule 12 motions to address the allegations in Plaintiffs' complaint before being subjected to burdensome, risky discovery. *See, e.g.*, *Wilmington Tr. Co. v. Boeing Co*., No. C20-0402-RSM-MAT, 2020

PAGE 5 – OPINION AND ORDER

WL 4125106, at *2 (W.D. Wash. July 20, 2020) (denying the plaintiffs' request for early discovery because, *inter alia*, "[the p]laintiffs [] seek production prior to the receipt of any responsive pleading, assertion of defenses, or motions which could narrow the scope of plaintiffs' claims and the discovery relevant and proportional to the needs of this case").

Finally, the Court finds that Plaintiffs have not submitted any credible evidence in support of their allegation that a criminal syndicate is operating in Oregon with "nefarious software" that could "automatically destroy itself and any evidence of criminal intervention after the election" if the Court does not allow the requested discovery. (Pls.' Mot. at 3.) Rather, Plaintiffs rely on a largely discredited report of voting irregularities in one county outside of Oregon that utilizes a voting system Defendants do not use here. (Sec. of State Resp. at 6-7; Cnty. Defs.' Opp'n at 5-6.)

Weighing the relevant factors, the Court concludes that Plaintiffs have not demonstrated good cause to justify allowing early and expedited discovery.

## CONCLUSION

For the reasons stated, the Court denies Plaintiffs' emergency motion for expedited discovery (ECF No. 5).

DATED this 2nd day of November, 2022.

*Stacie F. Beckerman*

———————————————
HON. STACIE F. BECKERMAN
United States Magistrate Judge