FILED

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARC THIELMAN; et al., | No. 23-35452 |
| Plaintiffs-Appellants, | D.C. No. 3:22-cv-01516-SB |
| v. | |
| LAVONNE GRIFFIN-VALADE, in her official capacity as Oregon Secretary of State; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted December 6, 2023**
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

Plaintiffs filed this action on behalf of themselves and all others similarly situated against the Oregon Secretary of State and twelve Oregon counties, challenging the constitutionality of Oregon's computerized vote tabulation and vote-

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by-mail systems. The district court granted Defendants' motion to dismiss for lack of subject-matter jurisdiction, finding that Plaintiffs failed to adequately plead a cognizable injury-in-fact. We review de novo dismissals for lack of subject-matter jurisdiction. *Sec. & Exch. Comm'n v. World Cap. Mkt., Inc.*, 864 F.3d 996, 1003 (9th Cir. 2017). We affirm.

This Court recently considered and rejected claims similar to those Plaintiffs assert here. *See Lake v. Fontes*, 83 F.4th 1199 (9th Cir. 2023). Plaintiffs allege that they are injured by "a lack of confidence in the integrity of the election system."[1] But that alleged injury represents nothing more than the "kind of speculation that stretches the concept of imminence beyond its purpose." *Lake*, 83 F.4th at 1204 (quotation marks omitted). Plaintiffs do not allege that their votes were not counted, nor do they identify with sufficient particularity how any given election in Oregon was fraudulently manipulated through the vote-by-mail or computerized tabulation systems. Indeed, Plaintiffs concede that they do not know whether Oregon elections are fraudulently manipulated at all. Plaintiffs allege only that they suffer a "crisis of confidence" in Oregon's voting systems, which is the same "speculative" grievance that we found insufficient to confer standing in *Lake*. *Id.* at 1201 (quotation marks omitted). Plaintiffs' "conjectural allegations of potential injuries are insufficient to

---

[1] To the extent that Plaintiffs' complaint also asserted a vote-dilution theory of injury, they have expressly disclaimed that theory on appeal.

2

plead a plausible real and immediate threat of election manipulation," *id.* at 1204 (quotation marks omitted), as the district court correctly concluded in dismissing their claims.

**AFFIRMED.**